UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| ASHLEY BLUECOAT,<br><br>Plaintiff,<br><br>vs.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>Defendant. | Case No. 3:20-cv-3022<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW the Plaintiff, and for her Complaint against the above-named Defendant, states and alleges as follows:

## PARTIES

1.

Plaintiff Ashley Bluecoat is a resident of Timber Lake, Dewey County, South Dakota.

2.

Defendant FedEx Ground Package System, Inc. is a Delaware Corporation with its principal office in Pennsylvania and is responsible for the acts and omissions of its employees. Upon information and belief, Travis Rolf was employed by FedEx Ground Package System, Inc. on or about June 4, 2020.

## VENUE AND JURISDICTION

3.

This Honorable Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. The amount in controversy exceeds the sum of $75,000.

1

4.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events and omissions giving rise to this cause of action occurred in this District.

## FACTS

5.

On or about June 4, 2020, Plaintiff Ashley Bluecoat was traveling eastbound on 133rd Street in Dewey County, SD.

6.

At the same time, on or about June 4, 2020, Rolf, while working within the scope of his employment with Defendant FedEx Ground Package System, Inc., was operating a motor vehicle and was traveling westbound on 133rd Street in Dewey County, SD.

7.

Rolf, driving while impaired from methamphetamine, fell asleep and began traveling on the wrong side of the road. Rolf awoke just before impact with Plaintiff's vehicle.

8.

Plaintiff was braking and attempted to avoid the crash but collided with the right side of Rolf's vehicle as it passed by causing Plaintiff's vehicle to rotate and come to rest in the roadway.

9.

Law enforcement arrested Rolf at the collision scene for reckless driving, driving under the influence, and possession of a controlled substance.

10.

Upon information and belief, in 2014, Rolf was convicted of Reckless Driving after being charged with driving under the influence.

11.

Upon information and belief, in 2015, law enforcement cited Rolf for a safety violation under the Federal Regulations Pertaining to Motor Carriers, and Rolf pled guilty to the citation.

12.

At the time of the collision, Rolf was under the influence of methamphetamine while operating a motor vehicle in the course and scope of his employment.

13.

As a direct and proximate result of both collisions, the Plaintiff sustained injuries and trauma including, but not limited to, personal injuries which required medical treatment. Additionally, she has experienced pain and suffering, loss of enjoyment of the capacity of life, emotional distress, past and future medical costs and expenses, lost wages and other general and special damages.

## COUNT I
### Negligence

14.

Plaintiff hereby realleges the preceding paragraphs of this Complaint and hereby incorporates them as if fully set forth herein.

15.

At all times relevant hereto, Rolf was acting within the scope of his actual, express, apparent, and/or implied authority, as well as acting within the scope of his employment duties for Defendant.

16.

Defendant through Rolf owed a duty of care to the Plaintiff to exercise ordinary care and awareness in the operation, management, maintenance and control of his vehicle including, but not limited to, a duty to operate his vehicle in a safe and reasonable manner, a duty to use the vehicle in a safe and reasonable manner, and a duty to travel along the streets and roads located in the State of South Dakota in a safe and reasonable manner.

17.

At the time of the collision, Defendant through Rolf negligently, carelessly and/or recklessly departed from the proper standard of care which caused the collision.

18.

Defendant through Rolf breached the duties owed to the Plaintiff by negligently, carelessly and/or recklessly operating his vehicle, by negligently, carelessly and/or recklessly using his vehicle, and by negligently, carelessly and/or recklessly traveling along the roads and streets located in the State of South Dakota, and in several respects, including, but not limited to:

    (a)    Carelessly operating his vehicle;

    (b)    Failing to keep a proper lookout for other vehicles;

    (c)    Failing to keep his vehicle under control;

(d) Operating the vehicle after ingesting a substance that impaired his ability to properly operate his vehicle; and

(e) Otherwise generally failing to operate his vehicle in a safe and prudent manner.

19.

Rolf's operation of his vehicle was negligent, careless and/or reckless and the proximate cause of injuries and damages sustained by the Plaintiff.

20.

As a direct and proximate cause of Rolf's negligence, carelessness and/or recklessness, the Plaintiff has sustained injuries, including, but not limited to, personal injuries resulting in a course of medical treatment; past, present and future pain and suffering; loss of enjoyment of the capacity of life, emotional distress; past and future medical costs and expenses; lost wages and other general and special damages; all of which are compensable under South Dakota law.

21.

The conduct of Rolf that resulted in his collision with the Plaintiff was reasonably foreseeable, and therefore, imputable to Defendant under the doctrine of Respondeat Superior.

22.

Pursuant to the doctrine of Respondeat Superior, Defendant is responsible for the negligent conduct of Rolf.

23.

Based on that information and belief, Plaintiff alleges that Rolf's conduct was willful, malicious, fraudulent, oppressive, and in conscious disregard of the Plaintiff's rights and therefore, punitive damages are appropriate in an amount according to proof.

24.

Rolf was not fit to drive a vehicle and Defendant acted recklessly in employing Rolf, retaining Rolf, and entrusting him with a vehicle. Thus, punitive damages are properly imputed to the Defendant for Rolf's acts.

## COUNT II
### Negligent Hiring, Retention, Supervision

25.

Plaintiff hereby realleges the preceding paragraphs of this Complaint and hereby incorporates them as if fully set forth herein.

26.

Defendant owed a duty to the Plaintiff to exercise reasonable care in the carrying on of its business, in hiring, retaining, and supervising its employees, and entrusting its company vehicles to safe drivers.

27.

Defendant recklessly and/or negligently departed from the proper standard of care and breached its duty to the Plaintiff in the following manner:

    (a)    By hiring Rolf as an employee, when it knew or should have known of his lengthy criminal history related to driving offenses including, but not limited to, being previously charged with driving under the influence;

    (b)    By retaining Rolf as an employee, when it knew or should have known of his lengthy criminal history related to driving offenses and use of illegal controlled substances;

    (c)    By failing to properly supervise its employee; and

    (d)    By entrusting its company vehicle to Rolf when it knew or should have known of his lengthy criminal history related to driving offenses and use of illegal controlled substances.

28.

Defendant's breaches of the standard of reasonable care set forth above were reckless and/or negligent and the proximate cause of injuries and damages sustained by the Plaintiff.

29.

It was foreseeable that by the negligent hiring, supervision, and retention of Rolf that Plaintiff would be injured by Rolf.

30.

As a direct and proximate cause of the Defendant's recklessness and/or negligence, the Plaintiff has sustained injuries, including, but not limited to, personal injuries resulting in a course of medical treatment; permanent impairment and disability; disfigurement, past, present, and future pain and suffering; loss of enjoyment of the capacity of life, emotional distress; property damage; loss of past and future earnings; past and future medical costs and expenses; and other general and special damages; all of which are compensable under South Dakota law.

31.

Based on that information and belief, Plaintiff alleges that Defendant's conduct was willful, malicious, fraudulent, oppressive, and in conscious disregard of the Plaintiff's rights and therefore, punitive damages are appropriate in an amount according to proof.

WHEREFORE, Plaintiff respectfully prays for damages against the Defendants as follows:

(1)  For Plaintiff's compensatory, general, punitive and special damages in an amount that the jury deems just and proper under the circumstances;

(2)  For Plaintiff's costs and disbursements herein;

(3)  For pre-judgment and post-judgment interest; and

(4)  For such other and further relief as the Court determines to be just and proper.

Dated this 10th day of December, 2020.

**JOHNSON, JANKLOW, ABDALLAH & REITER, L.L.P.**

BY  /s  *Steven M. Johnson*
Steven M. Johnson (steve@janklowabdallah.com)
Sara E. Show (sara@janklowabdallah.com)
P.O. Box 2348
Sioux Falls, SD 57101-2348
(605) 338-4304

*Attorneys for the Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands trial by jury on all issues so triable.

                                                          */s/   Steven M. Johnson*
                                        Steven M. Johnson
                                        Sara E. Show

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Ashley Bluecoat

**(b)** County of Residence of First Listed Plaintiff: Dewey (SD)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Steven M. Johnson/Sara E. Show, Johnson, Janklow, Abdallah & Reiter, L.L.P., P.O. Box 2348, Sioux Falls, SD 57101-2348 (605-338-4304)

## DEFENDANTS
FedEx Ground Package System, Inc.

County of Residence of First Listed Defendant: Allegheny, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise |  | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** |  | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General |  |  | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions |  |  |
|  | / ☐ 555 Prison Condition |  |  |  |
|  | / ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332 / 28 U.S.C. § 1391(a)
Brief description of cause:
Motor vehicle collision / personal injuries

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 12/10/2020
SIGNATURE OF ATTORNEY OF RECORD: /s/ Steven M. Johnson

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.